101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Carlos Tipantuna CHUQUIMARCA, Defendant-Appellant.
 No. 95-1140.
 United States Court of Appeals, Second Circuit.
 April 23, 1996.
 
 APPEARING FOR APPELLANT: David L. Lewis, Lewis & Fiore, New York, NY.
 APPEARING FOR APPELLEE: Michele R.M. Campbell, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY.
 E.D.N.Y.
 AFFIRMED.
 Before MINER, McLAUGHLIN and LEVAL, Circuit Judges.
 
 
 1
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York, it is hereby
 
 
 2
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 3
 This cause came on to be heard on the transcript of record and was argued by counsel.
 
 
 4
 Defendant-appellant Carlos Tipantuna Chuquimarca ("Tipantuna") appeals from a judgment entered in the United States District Court for the Eastern District of New York (Sifton, J.) convicting him, upon a plea of guilty, of conspiracy to distribute and to possess cocaine with the intent to distribute, in violation of 21 U.S.C. § 846, and possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Tipantuna to a 72-month term of imprisonment, a four-year term of supervised release, and a $100 special assessment.
 
 
 5
 In February of 1994, Tipantuna, a merchant seaman, was involved in a multi-defendant conspiracy to transport approximately 14 kilograms of cocaine from Ecuador into the United States aboard a commercial ship. On February 15, 1994, after the ship had docked in the United States, Tipantuna, along with co-defendant Edilberto Magallanes Coronel ("Magallanes"), another merchant seaman, delivered four kilograms of cocaine to undercover U.S. Customs agents. On February 16th, Customs agents boarded the ship and arrested Tipantuna and Magallanes. The agents found packages containing three kilograms of cocaine in Tipantuna's cabin and seven kilograms of cocaine hidden above a ventilation duct on the ship.
 
 
 6
 Tipantuna was indicted on three counts: 1) conspiracy to import cocaine and to distribute and to possess with intent to distribute cocaine; 2) importation of cocaine into the United States; and 3) possession of cocaine with the intent to distribute. Tipantuna subsequently entered into a plea agreement with the government. On March 1, 1995, Tipantuna appeared before the district court for acceptance of his plea and sentencing. The government agreed to amend the plea agreement to remove the guilty plea to Count Two, the importation count. The district court then accepted Tipantuna's plea of guilty to Counts One and Three of the indictment. At sentencing, the district court found that Tipantuna was entitled to a three-point downward adjustment for his role in the offense.
 
 
 7
 On appeal, Tipantuna argues that the district court erred in refusing to award him a four-point downward adjustment for his role in the offense. We agree with the district court. United States Sentencing Guideline § 3B1.2(a) provides for a four-point decrease in a defendant's offense level if "the defendant was a minimal participant in any criminal activity." A four-level adjustment for a "minimal" role "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2 Application Note 1. A district court's assessment at sentencing "of the defendant's role in criminal activity is highly fact-specific and depends upon the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." United States v. Shonubi, 998 F.2d 84, 90 (2d Cir.1993) (quotation omitted).
 
 
 8
 In the present case, the district court properly found that Tipantuna was not entitled to a four-point reduction as a minimal participant. First, Tipantuna was aware of the nature and scope of the criminal enterprise and of the importance of his actions to the success of the venture. He agreed to travel with the packages of cocaine for the entire voyage from Ecuador to the United States. Although Tipantuna claims that he did not know that the packages contained drugs, he admits that he knew that the materials were "illegal." Moreover, once he arrived in the United States, he acknowledges that he then became aware that the packages contained drugs. In addition, he was to play an important role in the delivery of the cocaine. Tipantuna also knew that he would be compensated for performing his role in the venture. Furthermore, the nature of Tipantuna's relationship to other participants was not that of a minimal participant, as demonstrated by his recruitment of Magallanes to assist in delivering the cocaine. Accordingly, the district court properly refused to award Tipantuna a four-point downward adjustment.
 
 
 9
 Tipantuna also argues that the district court erred in sentencing him on the basis of approximately 14 kilograms of cocaine. This contention is without merit. According to U.S.S.G. § 1B1.3(a), in calculating a defendant's base offense level "in the case of a jointly undertaken criminal activity," the district court is entitled to determine the level on the basis of "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." See also United States v. Negron, 967 F.2d 68 (2d Cir.1992).
 
 
 10
 In the present case, the district court properly sentenced Tipantuna on the basis of all 14 kilograms of cocaine because this entire quantity of drugs was either known or reasonably foreseeable to him. First, the four kilograms that he and Magallanes delivered to the customs agents clearly were known to Tipantuna. In addition, the three kilograms of cocaine that were found by the agents in Tipantuna's cabin must have been known to him. Finally, an additional seven kilograms of cocaine were found by the agents in the ventilation duct of the ship. Because Tipantuna admits that he moved the packages of cocaine from one location on the ship to another after the ship had docked in the United States, these seven kilograms of cocaine also must have been known to him. Accordingly, the district court properly sentenced Tipantuna based on all 14 kilograms of cocaine.